UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JOSHUA S. CROWE,

        Plaintiff,

vs.                                CASE NO.:6:08-cv-700-ORL-31DAB

JASON GAINOR,

        Defendant.

_____/


**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CORRECTED AMENDED COMPLAINT OR ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**COMES NOW** the Defendant, JASON GAINOR, by and through his undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, and moves this Court for the entry of an Order dismissing the Plaintiff's Corrected Amended Complaint or alternatively, requiring the Plaintiff to file a more definite statement, and as grounds therefore, would show unto the Court as follows:

1.      This action was originally filed in the Ninth Judicial Circuit Court, in and for Orange County, Florida, but was removed to the United States District Court for the Middle District of Florida, Orlando Division, by the Defendant because the Complaint contained a 42 U.S.C. §1983 claim.

2.      The style of the case recites that the action is filed against JASON GAINOR, and paragraph 2 of the Corrected Amended Complaint alleges that JASON GAINOR is a deputy sheriff with the Orange County Sheriff's Office.

However, nowhere in the Corrected Amended Complaint does the Plaintiff allege the capacity in which he is suing Defendant GAINOR.

## ARGUMENT

It is established jurisprudence that there is no cognizable cause of action under 42 U.S.C. §1983 based purely on a negligence theory or a respondeat superior theory without a specific constitutional violation on the part of the employer.  Daniels v. Williams, 474 U.S. 327 (1986); Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978).

The Corrected Amended Complaint as currently drafted alleges that the arrest of the Plaintiff on November 20, 2006, for driving while impaired, violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution and was without due process of law because Deputy Gainor allegedly lacked probable cause to believe that the Plaintiff was impaired or that the Plaintiff had committed any criminal offense.  The Corrected Amended Complaint fails to allege whether the Plaintiff is suing Deputy Gainor in his official capacity or in his individual capacity.  If suit is being brought against him in his official capacity, then it is really a suit against his employer, to-wit:  Kevin Beary, as Sheriff of Orange County, Florida. See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).  In Monell, the United States Supreme Court made it clear that a local governmental entity such as a law enforcement agency is not liable under 42 U.S.C. §1983 simply because it employs a police officer that

2

allegedly violated the civil rights of a suspect during an arrest.   Instead, it is established jurisprudence that in order to hold a governmental entity such as Sheriff Beary liable for the actions of his deputies, the plaintiff must establish that the governmental entity actually committed a constitutional violation.   The Corrected Amended Complaint as currently drafted fails to allege any unlawful constitutional action on the part of Kevin Beary, as Sheriff of Orange County, Florida, in connection with the arrest of the Plaintiff.   Moreover, as currently pled, Sheriff Beary does not appear to be a party to this action.   The Plaintiff has not alleged that the Plaintiff's constitutional rights were violated by a custom or policy of Sheriff Beary and accordingly, the Corrected Amended Complaint as currently drafted should be dismissed.

To the extent that the Plaintiff's intent is to sue Deputy Gainor in his individual capacity, Deputy Gainor is entitled to assert the defense of qualified immunity.   However, it is unclear from the Corrected Amended Complaint as currently pled whether the affirmative defense of qualified immunity is an appropriate defense to be asserted in this action.   It is well settled in the Eleventh Circuit that more than conclusory notice pleading is required and a complaint will be dismissed as insufficient when the allegations are vague and conclusory.   Gonzalez v. Reno, 325 F.3d 1228,1235 (11th Cir. 2003).   With regard to individual defendants such as Jason Gainor, a plaintiff must meet the heightened pleading requirements that apply in civil rights cases, especially those involving the defense of qualified immunity.   Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003).   The question of

qualified immunity should be resolved at the earliest possible stage in litigation. <u>Id.</u> at 994.  Qualified immunity is available only in an individual capacity claim and is not available in an official capacity claim.  As qualified immunity is an affirmative defense, it is subject to waiver and accordingly, it is important that it be made clear on the face of the Corrected Amended Complaint whether the Defendant is being sued in his individual or official capacity.  Out of an abundance of caution, in order not to waive the defenses of qualified immunity, Deputy Gainor hereby states that he is entitled to qualified immunity.

Alternatively, because the Plaintiff fails to specify whether the Defendant is being sued in his official capacity or his individual capacity or both, Defendant needs more information to file an appropriate responsive pleading and a defense to the Corrected Amended Complaint.  When a defendant needs more information to answer or respond to a Complaint, the proper response is for the defendant to move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  See, <u>Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.</u>, 77 F.3d 364, 366 (11th Cir. 1996); <u>Hooper v. City of Montgomery</u>, 482 F.Supp.2d 1330, 1338 (N.D. Ala 2007); <u>Schlotter v. Walsh</u>, 2005 WL 1051183 (M.D. Fla.) (Unpublished). Accordingly, if this Honorable Court elects not to grant Defendant's Motion to Dismiss, Defendant requests that the Plaintiff be required to amend the Corrected Amended Complaint to provide a more definite statement.

For the reasons set forth above, Defendant respectfully requests that this Honorable Court enter an Order dismissing the Plaintiff's Corrected Amended

Complaint or alternatively, requiring the Plaintiff to amend his Corrected Amended

Complaint to provide a more definite statement with respect to whether the Plaintiff

is being sued in his official or his individual capacity, or both, so as to avoid the

necessity of attempting to clarify this question as the litigation proceeds or at trial.

### Rule 3.01(g) CERTIFICATION OF ATTEMPT TO RESOLVE ISSUES WITH OPPOSING PARTY

Pursuant to Local Rule 3.01(g), the undersigned counsel hereby certifies

that a good faith effort to agree, narrow or resolve the issues raised in this motion

has been made by the undersigned counsel with opposing counsel but that said

counsel were unable to agree to the resolution of this matter.

s/ Jeanelle G. Bronson
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
JEANELLE G. BRONSON
Florida Bar No. 266337
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL 32853-8065
901 N. Lake Destiny Road, Suite 450
Maitland, FL  32751-4886
Phone:     (407) 423-9545
Facsimile:  (407) 425-7104
Attorneys for Defendant, JASON
GAINOR
E-mails:
jgbronson@growerketcham.com
waketcham@growerketcham.com
gk@growerketcham.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2008, I filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following: William E. Ruffier, Esq., of Dellecker, Wilson, King, McKenna & Ruffier, LLP, Attorney for Plaintiff, 719 Vassar St., Orlando, FL  32804-4920.

s/ Jeanelle G. Bronson\
WALTER A. KETCHAM, JR.\
Florida Bar No. 156630\
JEANELLE G. BRONSON\
Florida Bar No. 266337\
GROWER, KETCHAM, RUTHERFORD,\
BRONSON, EIDE & TELAN, P.A.\
P.O. Box 538065\
Orlando, FL 32853-8065\
901 N. Lake Destiny Road, Suite 450\
Maitland, FL  32751-4886\
Phone:      (407) 423-9545\
Facsimile:  (407) 425-7104\
Attorneys for Defendant, JASON GAINOR\
E-mails:\
jgbronson@growerketcham.com\
waketcham@growerketcham.com\
gk@growerketcham.com